1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CROWS LANDING SMOKE SHOP,<br>INC., et al.,<br><br>        Defendants. | Case No. 1:22-cv-01454-JLT-SAB<br><br>ORDER REQUIRING DEFENDANT TO PAY SANCTIONS OF $100 PER DAY<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AS TO PLAINTIFF<br><br>(ECF Nos. 11, 13) |

**I.**

**BACKGROUND**

Plaintiff GS Holistic, LLC initiated this action on November 9, 2022. (ECF No. 1.) The mandatory scheduling conference was initially set for February 14, 2023. (ECF No. 3.) On January 24, 2023, the Court issued an order requiring Plaintiff to file a status report on service and readiness for the scheduling conference. (ECF No. 4.) Following submission of Plaintiff's response, the Court continued the scheduling conference to March 23, 2023. (ECF No. 6.) The parties were remined they must file a joint scheduling report no later than seven days prior to the conference, that is, by March 16, 2023. (Id.) The parties did not, however, file a joint report on March 16, 2023; instead, Plaintiff filed a motion to strike all affirmative defenses in the answer.[1]

---

[1] Defendant answered the complaint on February 23, 2023. (ECF No. 9.)

1

1   (ECF No. 10.)

2    On March 17, 2023, the Court issued an order requiring the "parties" to show cause in

3   writing no later than March 22, 2023, as to why sanctions should not issue for the failure to file a

4   joint scheduling report, and continued the scheduling conference until April 6, 2023.  (ECF No.

5   11.)  On March 22, 2023, Plaintiff filed a response to the order to show cause.  (ECF No. 12.)

6   Defendants did not join the response nor make any filing in response to the Court's order to show

7   cause, and the deadline to do so has now expired.

8   **II.**

9   **LEGAL STANDARD**

10    The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is

11   to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To

12   effectuate this purpose, the rules provide for sanctions against parties that fail to comply with

13   court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed.

14   R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails

15   to obey a scheduling or other pretrial order.

16    The Court also possesses inherent authority to impose sanctions to manage its own affairs

17   so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501

18   U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all

19   others, including to protect the due and orderly administration of justice and maintain the

20   authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In

21   order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for

22   every day the defendant fails to respond to the Court's orders to show cause.  See Lasar v. Ford

23   Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil

24   sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

25    Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

26   counsel or of a party to comply with these Rules or with any order of the Court may be grounds

27   for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

28   inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to

these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  Id.

### III.

### DISCUSSION

Plaintiff's response to the order to show cause indicates that: after Defendant filed the answer, "[i]n an attempt to preserve Judicial resources, the undersigned Plaintiff's counsel requested to engage in settlement negotiations which the Defendant[s'] counsel did not reply"; "[t]herefore, on March 16, 2023, the Plaintiff filed its Motion to Strike Affirmative Defenses"; "[t]he parties were to have also filed a joint scheduling report no later than 7 days before the status conference set for March 16, 2023"; "[t[he Plaintiff counsel's firm attempted to call and email opposing counsel regarding this and various matters multiple times, but never received any response"; "[t]he Plaintiff's counsel was unable to confer with the Defendants' counsel and complete the joint scheduling report prior to the filing of this Response but will ensure that a joint scheduling report is submitted no later than March 30, 2023, 7 days before the new scheduling conference on April 6, 2023, as required by this Court's Order"; and "[i]f necessary, the Plaintiff will file a joint scheduling report on behalf of the Plaintiff only."  (ECF No. 13 at 1-2.)

While no specific dates were provided as to the attempted communications, Plaintiff has made a sufficient showing that sanctions should not be imposed.  However, given the description of Defendants' lack of response to Plaintiff, as well as the lack of any response from Defendants to the Court's order to show cause, the Court shall impose monetary sanctions on Defendants. (ECF No. 11 at 2 ("Failure to comply with this order will result in the issuance of sanctions.").)

/ / /

/ / /

/ / /

3

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    The March 17, 2023, order to show cause (ECF No. 11), is DISCHARGED as to Plaintiff only; and

2.    The Defendants and Defendants' counsel shall be jointly and severally obligated to pay the Clerk of the Court $100.00 per day, beginning on March 23, 2023, until the Defendants file a response to the Court's order to show cause dated March 17, 2023 (ECF No. 11).

IT IS SO ORDERED.

Dated:   **March 23, 2023**

UNITED STATES MAGISTRATE JUDGE