1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>               Plaintiff,<br><br>      v.<br><br>CROWS LANDING SMOKE SHOP,<br>INC., et al.,<br><br>               Defendants. | Case No. 1:22-cv-01454-JLT-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW<br>CAUSE AND ORDER RE SANCTIONS AS TO<br>DEFENDANTS<br><br>(ECF Nos. 11, 13, 14, 15) |

## I.

## BACKGROUND

Plaintiff GS Holistic, LLC initiated this action on November 9, 2022.  (ECF No. 1.)  The mandatory scheduling conference was initially set for February 14, 2023.  (ECF No. 3.)  On January 24, 2023, the Court issued an order requiring Plaintiff to file a status report on service and readiness for the scheduling conference.  (ECF No. 4.)  Following submission of Plaintiff's response, the Court continued the scheduling conference to March 23, 2023.  (ECF No. 6.)  The parties were remined they must file a joint scheduling report no later than seven days prior to the conference, that is, by March 16, 2023.  (Id.)  The parties did not, however, file a joint report on March 16, 2023; instead, Plaintiff filed a motion to strike all affirmative defenses in the answer.[1]

---

[1] Defendant answered the complaint on February 23, 2023.  (ECF No. 9.)

1   (ECF No. 10.)

2          On March 17, 2023, the Court issued an order requiring the "parties" to show cause in

3   writing no later than March 22, 2023, as to why sanctions should not issue for the failure to file a

4   joint scheduling report, and continued the scheduling conference until April 6, 2023.  (ECF No.

5   11 at 2 ("Failure to comply with this order will result in the issuance of sanctions.").)

6          On March 22, 2023, Plaintiff filed a response to the order to show cause.  (ECF No. 13.)[2]

7   On March 23, 2023, the Court discharged the order to show cause as to Plaintiff only, noting that

8   "[w]hile no specific dates were provided as to the attempted communications, Plaintiff has made

9   a sufficient showing that sanctions should not be imposed."  (ECF No. 14 at 3.)

10         Defendants did not join the response nor make any filing in response to the Court's order

11  to show cause before the deadline.  Therefore, by that same order, the Court imposed sanctions

12  against Defendants and Defendants' counsel, jointly and severally, in the amount of $100.00 per

13  day, starting March 23, 2023, and continuing until the Defendants filed a response to the Court's

14  order to show cause.  (Id. at 4.)  The Court stated: "given the description of Defendants' lack of

15  response to Plaintiff, as well as the lack of any response from Defendants to the Court's order to

16  show cause, the Court shall impose monetary sanctions on Defendants."  (Id. at 3.)

17         On March 23, 2023, Defendants filed a response to the order to show cause.  (ECF No.

18  15.)

19                                                    **II.**

20                                        **LEGAL STANDARD**

21         The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is

22  to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To

23  

---

24  [2] Plaintiff's response to the order to show cause indicated that: after Defendant filed the answer, "[i]n an attempt to preserve Judicial resources, the undersigned Plaintiff's counsel requested to engage in settlement negotiations which

25  the Defendant[s'] counsel did not reply"; "[t]herefore, on March 16, 2023, the Plaintiff filed its Motion to Strike Affirmative Defenses"; "[t]he parties were to have also filed a joint scheduling report no later than 7 days before the

26  status conference set for March 16, 2023"; "[t]he Plaintiff counsel's firm attempted to call and email opposing counsel regarding this and various matters multiple times, but never received any response"; "[t]he Plaintiff's counsel

27  was unable to confer with the Defendants' counsel and complete the joint scheduling report prior to the filing of this Response but will ensure that a joint scheduling report is submitted no later than March 30, 2023, 7 days before the

28  new scheduling conference on April 6, 2023, as required by this Court's Order"; and "[i]f necessary, the Plaintiff will file a joint scheduling report on behalf of the Plaintiff only."  (ECF No. 13 at 1-2.)

effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  Id.

### III.

### DISCUSSION

Defendants' response to the Court's order to show cause proffers that: the order setting the scheduling conference was never served on the Defendants; counsel has never represented Defendants before this action; and only the summons and the complaint were stapled together,

3

1   with no notice or order to file the scheduling report.  (ECF No. 15 at 2.)  Defendants' counsel

2   proffers he was unaware of the scheduling conference until he received the OSC by email on or

3   after March 17, 2023, however, counsel was in the hospital on March 17, 2023, and March 18,

4   2023, and unavailable to receive telephone calls.  (Id.)

5         Counsel further proffers that on March 20, 2023, Defendants contacted Defendants

6   counsel and "advised him that the Plaintiff's attorney had called them directly to negotiate a

7   settlement and would be dismissing the action in exchange for certain information.   The

8   Defendants thought was [sic] unusual."  (Id.)  Additionally, "in the last day or two [Defendants'

9   counsel] received an email from the Plaintiff's 'legal assistant' in Florida wishing to discuss the

10   settlement."  (Id.)

11         The Court notes Defendants' counsel provides no specific explanation as to the dates after

12   the hospitalization, including the court-dates of Monday March 20, 2023, until the deadline of

13   March 22, 2023, explaining why counsel was unable to file a response to the order to show cause.

14   Further, while the order setting the scheduling conference was not served on Defendants' counsel,

15   it is counsel's responsibility to review the docket in this action.   Nonetheless, the Court

16   acknowledges counsel promptly filed the response to the order to show cause after the Court

17   issued its order dated March 23, 2023, imposing sanctions; and that counsel was in the hospital

18   when he initially received the order to show cause on March 17, 2023.

19         In consideration of the totality of the facts and explanation promptly provided by counsel,

20   the Court shall discharge the order to show and discharge the imposition of any sanctions on the

21   Defendants.

22         The Court further notes it appears improper if Plaintiff's counsel is directly contacting the

23   Defendants instead of communicating with Defendants' attorney.  See Cal. R Prof. Cond. 4.2(a)

24   ("In representing a client, a lawyer shall not communicate directly or indirectly about the subject

25   of the representation with a person* the lawyer knows* to be represented by another lawyer in the

26   matter, unless the lawyer has the consent of the other lawyer.").

27   / / /

28   / / /

1

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    The March 17, 2023, order to show cause (ECF No. 11), is DISCHARGED as to Defendants; and

2.    The March 23, 2023, order imposing daily $100.00 sanctions (ECF No. 14), is hereby DISCHARGED without the imposition of sanctions.

IT IS SO ORDERED.

Dated:  __**March 24, 2023**__

_____

UNITED STATES MAGISTRATE JUDGE