UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC, | Case No.: 1:22-cv-1454 JLT SAB |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES |
| v. | |
| CROWS LANDING SMOKE SHOP INC., d/b/a 99 PLUS OUTLET & SMOKESHOP and BASMA MUTHANA, | (Doc. 10) |
| Defendants. | |

GS Holistic LLC seeks to hold Crows Landing Smoke Shop, doing business as 99 Plus Outlet & Smokeshop, and Basma Muthana liable for trademark infringement, counterfeiting, and false designation of origin and unfair competition under the Lanham Act. (Doc. 1.) GS Holistic seeks to strike the affirmative defenses asserted by Defendants pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 10.) Defendants have not opposed the motion.[1] The Court finds the matter suitable for decision without oral arguments, and no hearing will be held pursuant to Local Rule 230(g). For the reasons set forth below, the motion to strike is **GRANTED IN PART**.

///

---

[1] Pursuant to Local Rule 230(c), any opposition to the motion was due within fourteen days of the date of service of the filing of the motion, or no later than March 30, 2023. Because no opposition was filed, Defendants are not entitled to be heard on the motion. *Id.* In addition, the Court may construe the failure to file an opposition "as a non-opposition to the motion." *Id.*

1

**I.      Background[2]**

GS Holistic alleges that it "is the registered owner of the Stündenglass trademarks," and the company "has marketed and sold products using the well-known trademark 'Stündenglass'" since 2020. (Doc. 1 at 2-3, ¶¶ 5, 8.) According to GS Holistic, "[t]he Stündenglass branded products, such as glass infusers and accessories related thereto, are widely recognized nationally and internationally." (*Id.* at 3, ¶ 8.)

GS Holistic asserts that "[f]or approximately two years, [GS Holistic] has worked to distinguish the Stündenglass brand as the premier manufacturer of glass infusers by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles." (Doc. 1 at 3, ¶ 9.) GS Holistic contends: "As a result of the continuous and extensive use of the trademark 'Stündenglass,' GS was granted both valid and subsisting federal statutory and common law rights to the Stündenglass trademark." (*Id.*, ¶ 10.) Specifically, GS Holistic asserts it owns the following registered trademarks:

> a.    U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.
>
> b.    U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.
>
> c.    U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

(*Id.* at 3-4, ¶ 11.) According to GS Holistic, each of these trademarks "are valid, subsisting and in full force and effect." (*Id.*, ¶ 12.) GS Holistic alleges that "because of the recognized quality and innovation associated with the Stündenglass Marks that consumers are willing to pay higher prices for genuine Stündenglass products." (*Id.* at 5, ¶ 21.) GS Holistic contends the "Stündenglass branded products are targeted by counterfeiters" due to the higher sales value. (*Id.*, ¶ 22.)

GS Holistic contends that defendants have—without the company's consent—"previously offered to sell and sold within the United States commerce, glass infusers bearing reproductions, counterfeits, copies and/or colorable imitations of the Stündenglass Trademarks that were not made or

---

[2] The parties' names are emphasized in capital letters throughout the Complaint. The Court omits this emphasis in summarizing and quoting the allegations.

authorized by GS." (Doc. 1 at 6, ¶ 25.) GS Holistic alleges that it had an investigator who visited 99 Plus Outlet & Smokeshop, and the "investigator purchased a Glass Infuser with a Stündenglass Mark affixed to it…, for a cost of $280.00." (*Id.* at 7, ¶ 30.) GS Holistic contends an inspection of the purchased glass infuser confirmed it was a counterfeit, with an infringing mark affixed. (*Id.*, ¶ 31.) In addition, GS Holistic notes that its authentic brand glass infusers are priced at $599.95. (*Id.* at 5, ¶ 21.)

GS Holistic asserts defendant "Muthana owed, managed, and/or operated 99 Plus Outlet & Smokeshop," and regularly exercised the authority to purchase products for resale, decide which products [the shop]… offered for sale." (Doc. 1 at 2-3, ¶ 7.) GS Holistic contends "Muthana authorized, directed, and/or participated in" the sale of counterfeit goods at 99 Plus Outlet & Smokeshop. (*Id.* at 7, ¶ 32.)

On November 9, 2022, GS Holistic initiated this action by filing a complaint. Based primarily upon the foregoing facts, GS Holistic seeks to hold Defendants liable for: (1) federal trademark counterfeiting and infringement, pursuant to 15 U.S.C. § 1114 and (2) federal false designation of origin and unfair competition, pursuant to 15 U.S.C. § 1125(a). (Doc. 1.) Defendants filed their answer to the complaint on February 23, 2023. (Doc. 9.) Defendants asserted four affirmative defenses, which GS Holistic now seeks to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 10.)

**II.     Legal Standards**

Rule 8 of the Federal Rules of Civil Procedure requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Fed. R. Civ. P. 8(c)(1).

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party. Fed. R. Civ. P. 12(f). An affirmative defense may be "insufficient" under Rule 12(f) as a matter of pleading or as a matter of law. *Butcher v. City of Marysville*, 398 F.Supp.3d 715, 728 (E.D. Cal. 2019); *see also*

*Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  A defense is insufficiently pled if it fails to give "fair notice" of the defense and is insufficient as a matter of law when there are no questions of fact or law, and the defense would not succeed under any circumstances.  *Wyshak*, 607 F.2d at 827; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted).  Further, a defense may be stricken as immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994); *see also* Fed. R. Civ. P. 12(f).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, motions to strike affirmative defenses "are disfavored and infrequently granted."  *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005).  The Court "must view the pleading under attack in the light more favorable to the pleader."  *Garcia ex rel. Marin v. Clovis Unified School Dist.*, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted).  Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings."  *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957); *Wyshak*, 607 F.2d at 827.

**III.    Discussion and Analysis**

GS Holistic asserts that each of the affirmative defenses identified by Defendants should be stricken because they either fail to meet the pleading standard or do not qualify as a proper affirmative defense.  (*See generally* Doc. 10.)

**A.    Prejudice**

As an initial matter, the Court acknowledges there is a split among the courts regarding whether prejudice is required to prevail on motion to strike.  *Compare FTC v. Medicor LLC*, 2001 WL 765628, at *5 (C.D. Cal. June 26, 2001) (requiring prejudice to be shown) *with Peacock v. Pabst Brewing Co., LLC,* 2022 WL 446201, at *4 (E.D. Cal. Feb. 14, 2022) (declining to require prejudice for a motion under Rule 12(f)).  However, the plain language of Rule 12(f) does not require a moving party to show prejudice.  *See* Fed. R. Civ. P. 12(f).  Rather, it appears a showing of prejudice was

4

"judicially created," as a result of the view that "motions to strike 'are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, 2018 WL 828099, at *3 (S.D. Cal. Feb. 12, 2018) (citing *Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010), *aff'd*, 768 F.3d 843 (9th Cir. 2014)).

Previously, this Court observed that no published Ninth Circuit authority requires a showing of prejudice to strike affirmative defenses. *Houston Cas. Co. v. Crum & Forster Ins. Co.*, 2016 WL 4494444 at *4 (E.D. Cal. Aug. 25, 2016). However, the Court noted that in an unpublished opinion, the Ninth Circuit rejected the argument that a moving party should be required to demonstrate prejudice to strike redundant material, observing "Rule 12(f) says nothing about a showing of prejudice." *Atlantic Richfield Co. v. Ramirez*, 1999 WL 273241, at *2 (9th Cir. 1999). The Ninth Circuit expressly indicated it "decline[d] to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule." *Id.* Following this "clear, directly on-point (albeit non-precedential) guidance from the Ninth Circuit," this Court concluded a moving party is not required to show prejudice in moving to strike under Rule 12(f). *See Houston Cas. Co.*, 2016 WL 4494444 at *5. Likewise, here, the Court declines to require the plaintiff to show prejudice where such a requirement is not found in Rule 12(f).

**B.      First Affirmative Defense:** "The Complaint fails to state a claim upon which relief can be granted." (Doc. 9 at 3, ¶ 15.)

GS Holistic contends this statement is not an affirmative defense. (Doc. 10 at 4-5.) Proper affirmative defenses are those which "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). In contrast, "allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *Hernandez v. County of Monterey*, 306 F.R.D. 279, 289 n. 61 (N.D. Cal. 2015) (citation omitted); *see also Solis v. Couturier*, 2009 WL 2022343, at *3 (E.D. Cal. July 8, 2009) ("an assertion that the [plaintiff] cannot prove the elements of her claim" is not a proper affirmative defense). It follows that "failure to state a claim" is not an affirmative defense. *Vasquez v. Leprino Foods Co.*, 2021 WL 1737480, at *4 (E.D.

Cal. May 1, 2021); *see also Barnes v. AT & T Pension Ben. Plan,* 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case."). Therefore, the first affirmative defense for failure to state a claim upon is **STRICKEN** without leave to amend.

  **C.** <u>Second Affirmative Defense</u>**:** "The Complaint is vague and uncertain." (Doc. 9 at 3, ¶ 16.)

GS Holistic contends this statement "does not meet the burden of being an affirmative defense." (Doc. 10 at 5.) GS Holistic asserts, "Even if the Defendants did explain why or how the complaint was vague, the Defendants still have not provided a proper affirmative defense, since an affirmative defense that seeks to point out a deficiency in the well pleaded complaint to avoid liability is improper." (*Id.*)

Courts have repeatedly found assertions that a complaint is vague or uncertain are not proper affirmative defenses. *See, e.g., Schmitz v. Asman*, 2022 WL 2340614, at *25 (E.D. Cal. June 28, 2022); *Estrada v. NV 99 Cents Plus*, 2022 WL 2037126, at *4 (C.D. Cal. Feb. 8, 2022) ("assertion that the Complaint is vague is not a proper affirmative defense"); *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc*., 2013 WL 2009681, at *3 (N.D. Cal. May 13, 2013) (finding a statement that the claims were "uncertain, ambiguous and unintelligible" is "not a true affirmative defense"). Rather, such an assertion goes to the sufficiency of the complaint and should be raised either with a motion to dismiss or for more a definite statement. *Schmidt*, 2022 WL 2340614, at *25; *see also Innovation Ventures*, 2013 WL 2009681, at *3 ("A lack of clarity in the complaint should be addressed through a Rule 12(e) motion"). Thus, the second affirmative defense is **STRICKEN** without leave to amend.

  **D.** <u>Third Affirmative Defense</u>**:** "Neither Defendant has been served with the Complaint. The false 'proof of service' shows that service on Basma Muthana was on a 'Middle Eastern male.' Basma Muthana is a female and was in the hospital delivering a baby when service was supposedly effectuated. Service on the corporate defendant was purportedly by substituted service yet the 'Declaration of Reasonable Diligence['] is absolutely blank as to the 'attempts … to effect service by personal delivery' and despite a reference to service by mail in Section 5.6.(4) and (5), there is no such declaration of service." (Doc. 9 at 3-4, ¶ 17 (modification in original).)

GS Holistic argues this assertion is improper and presents evidence to support an argument that service was proper. (Doc. 10 at 5-6, *see also* Doc. 10-2 at 1-3.) Importantly, an argument for improper service is a proper affirmative defense. *See Walker v. United* States, 2009 WL 2379977, at

\*3 (E.D. Cal. July 30, 2009) (finding defendants waived any defect in service where the answer did not include an affirmative defense related to the insufficiency of service). GS Holistic does not contend the affirmative defense is insufficient, redundant, immaterial, impertinent, or scandalous matter. Instead, GS Holistic argues the *merits* of the affirmative defense. The Court declines to determine at this juncture whether the defendants were properly served, as evaluating the merits of a defense is not proper on a motion to strike. *See Brooks v. Tapestry, Inc.*, 2022 WL 3229779, at \*4 (E.D. Cal. Aug. 9, 2022) ("To the extent Plaintiff challenges the merits of the defense, the Court declines to make such a determination on a motion to strike"); *Reiffer v. HGM Holdings LLC*, 2019 WL 1455325, at \*3 (E.D. Cal. Apr. 1, 2019) ("merits arguments are not appropriate on a motion to strike"); *see also Walker v. Charter Communs. Inc.*, 2016 WL 3563483, at \*4 (D. Nev. June 29, 2016) (declining to strike defenses where the plaintiff argued the merits rather than identifying a basis for striking the defenses). Accordingly, the motion to strike the affirmative defense related to improper service is **DENIED**.

    **E.**    <u>**Fourth Affirmative Defense:**</u> "The 'bong' which the Plaintiff alleges was counterfeit was purchased from a legitimate wholesaler who represented it was authentic. Only two such bongs were ever purchased by Defendant Crows Landing Smoke Shop, Inc., and one was purportedly sold to the Plaintiff's undercover agent. The damages, if any, are nominal. The Plaintiff's principal business activity, rather than selling its deluxe 'bong' is instead using the courts to assist in the shakedown of innocent businesses, who are told by Plaintiff's counsel that the defense costs will be 'more than an expensive new car.' Counsel's representations are set forth in an attachment to the summons and complaint labeled 'Notice of Violation of U.S. Federal Law' which is misleading to unsophisticated immigrant defendants." (Doc. 9 at 9, ¶ 18.)

GS Holistic asserts this "is an innocence defense," but "[i]nnocence is not a proper defense as intent is not an element of trademark infringement." (Doc. 10 at 7[3].) In addition, GS Holistic argues the number of products sold "is irrelevant as the number of counterfeited products sold is not an element of trademark infringement." (*Id.*) Further, GS Holistic contends that while the company is sympathetic to the defendant's immigrant status, "the status/nationality/race are not a factor which is used in determining on who is allowed to break the law and sell counterfeit items." (*Id.*) According to

---

[3] GS Holistic cites an unidentified case named "*Davis*," but fails provide any additional information concerning the names of the parties, a citation, or even the date the decision was issued. However, based upon the quote from the decision, it appears GS Holistic relies upon *Davis v. Hollywood & Ivar*, 2021 WL 4816823 (C.D. Cal. Aug. 30, 2021).

7

GS Holistic, this affirmative defense also "is a denial guised in the form of immaterial and impertinent information, used to invoke an emotional response." (*Id.* at 6.)

### 1. Intent

Based upon the assertions made in the affirmative defense, it appears Defendants believed they purchased authentic items to sell in the store, and there was no intent to deceive customers at the shop. However, as the Ninth Circuit observed, "an intent to confuse consumers is not required for a finding of trademark infringement." *Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1059 (9th Cir. 1999) (citing *Dreamwerks Prod. Group v. SKG Studio*, 142 F.3d 1127, 1132 n.12 (9th Cir. 1998) ("Absence of malice is no defense to trademark infringement"). On the other hand, the defendants' intent is relevant to the issue of damages, because "innocent intent may serve to mitigate the extent of damages available upon a finding of liability for trademark infringement." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 2014 WL 360048, at *3 (C.D. Cal. Jan. 31, 2014) (citing *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 919 (Fed. Cir. 1984); 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 30:59 (4th ed. 2013)). Thus, the affirmative defense—to the extent it addresses defendant's intent— will not be stricken as irrelevant or immaterial.

### 2. Nominal damages

To prevail on a trademark infringement claim, a plaintiff must show: (1) "it has a valid, protectable trademark"; and (2) the defendant's "use of the mark is likely to cause confusion." *Applied Information Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). Thus, a plaintiff may prevail on a claim for trademark infringement without showing damages. Notably, "an award of nominal damages, such as one dollar or one cent, may be appropriate in cases where a plaintiff fails to prove actual damages" under the Lanham Act. *Vallavista Corp. v. Vera Bradley Designs, Inc.*, 2011 WL 7462065, at *3 n. 8 (N.D. Cal. Apr. 20, 2011) (quoting *Tinn v. EMM Labs, Inc.*, 2009 WL 507096, at *14 (D. Or. Feb. 27, 2009) [internal quotation marks omitted]); *see also Pogrebnoy v. Russian Newspaper Distrib.* 742 Fed. Appx. 291 (9th Cir. 2018) (finding the district court did not abuse its discretion in awarding nominal damages for a trademark infringement claim where the plaintiff "failed to prove the amount of his damages"). Toward that end, the assertions concerning the number of

counterfeit items sold and nominal damages are neither irrelevant nor immaterial.

### 3. Remaining contentions

Defendants' contentions related to the "principal business activity" of GS Holistic, the labeling of an attachment served with the summons and complaint, and Defendants' immigrant status are immaterial to the claims in the Complaint. Such contentions do not address liability or damages for the claims and would not deny GS Holistic right to recovery. *See Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (explaining proper affirmative defenses "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). Accordingly, the motion to strike the fourth affirmative defense is granted in part, and the remaining assertions—beyond Defendants' intent and the potential damages—are **STRICKEN** without leave to amend.

## IV.    Leave to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted). When dismissing a pleading, "a district court should grant leave to amend … unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See id*. at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008). For the reasons set forth above, the Court finds leave to amend would be futile, as the identified deficiencies—which were not proper affirmative defenses— cannot be cured. Accordingly, leave to amend will not be granted.

## V.    Conclusion

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to strike under Rule 12(f) (Doc. 10) is **GRANTED in part**.
2. As to the First and Second Affirmative Defenses, Plaintiff's motion to strike is

        **GRANTED** without leave to amend.

3.    As to the Third Affirmative Defense, Plaintiff's motion to strike is **DENIED**.

4.    As to the Fourth Affirmative Defense, Plaintiff's motion is **DENIED** as to the extent it addresses intent and damages. However, the motion is **GRANTED** as to the remaining contentions in the Fourth Affirmative Defense, and Court **STRIKES** the following:

> The Plaintiff's principal business activity, rather than selling its deluxe 'bong' is instead using the courts to assist in the shakedown of innocent businesses, who are told by Plaintiff's counsel that the defense costs will be 'more than an expensive new car.' Counsel's representations are set forth in an attachment to the summons and complaint labeled 'Notice of Violation of U.S. Federal Law' which is misleading to unsophisticated immigrant defendants.

5.    The Answer shall stand with the foregoing stricken and leave to amend is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 5, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE